[No. 22153. Department One. March 7, 1930.]

W. H. Thomas, *Appellant*, v. W. L. Bar *et al.,*
*Respondents.*[1]

*James A. Dougan,* for appellant.
*Lloyd R. Savage* and *W. L. Bar,* for respondents.

Tolman, J.—After the issues were joined, this cause
came on for trial. A jury was impaneled and a witness
sworn, whereupon the defendants interposed an objec-
tion to the introduction of any evidence, upon the
ground that the complaint did not state facts sufficient
to constitute a cause of action. Plaintiff orally pro-
posed an amendment to the complaint, which was al-
lowed, and thereafter the trial court ruled that neither
the original complaint nor the complaint as amended
stated a cause of action, and a judgment of dismissal
followed, from which judgment the plaintiff has ap-
pealed.

The action is one to recover damages for misrepre-
sentation and fraud, and the complaint, among other
things, alleges:

[1]Reported in 285 Pac. 662.

"That heretofore and on or about the 18th day of March, 1927, the plaintiff and the defendants represented by the defendant W. L. Bar entered into a certain real estate contract a copy of which is attached hereto and marked Exhibit A, and by such reference made a part of this complaint.

"That in order to induce the plaintiff to pay unto the defendants the purchase price of the property described in the said agreement in the sum of $5,125 the defendants represented unto the plaintiff that that portion of the real property described in paragraph 1 of the said agreement lying north of the Pacific highway in Thurston county, Washington, contained a full one hundred acres or more. The said representation was oral and was made both by the defendant W. L. Bar in person and by one C. R. Sneesby acting as the agent of the defendants herein for the sale of the said property; that said representations were made by the said W. L. Bar and the said Sneesby at several different times and were made by both of said persons when acting for and on behalf of the marital community existing between the defendants herein."

The contract evidencing the transaction, which is thus made a part of the complaint, contains among its provisions the following. The property is described by metes and bounds and following that description are the words:

". . . containing one hundred (100) acres more or less, and excepting therefrom that portion thereof which has heretofore been deeded to the state of Washington and to Thurston county for the road which is now known as the Pacific highway, adjoining or traversing said property.

"The purchase price shall be fifty-one hundred and twenty-five dollars ($5,125) of which one hundred and twenty-five dollars ($125) has been received by the seller, the receipt whereof is hereby acknowledged. Two thousand dollars ($2,000) additional of the purchase price shall be paid April 10, 1927."

Further on in the contract appears this provision:

"There is no warranty or representation as to the number of acres hereby conveyed, both parties believing that there are at least one hundred (100) acres."

So by the complaint, as written, we have an averment of an oral representation as to acreage followed by the allegation that the transaction was consummated by a written agreement which distinctly controverts the oral representations, gives the acreage as "more or less," and specifies that no warranty or representations as to acreage were made.

The oral amendment proposed at the trial in no way enlarges or strengthens the averments of the complaint as written and so may be disregarded.

Since there is no allegation in the complaint that these plain provisions of the written contract were in any way concealed or kept from the knowledge of appellant and nothing was done to cause him to believe that he might disregard them, it must be presumed that they were fully known to and accepted by him when he signed the contract, and, that being so, he was thereby fully advised that any prior oral representations to the contrary were merged in the written contract and thus necessarily withdrawn and that he no longer had any legal right to rely thereon.

Appellant cites and relies upon a number of authorities to the effect that fraud vitiates all into which it enters and that the guilty party will not be permitted to shield himself by some artful clause inserted by him in the contract for that very purpose, to all of which we agree, but those cases are not in point. Assuming the most that can be assumed, from the allegations of the complaint, we have false and fraudulent oral statements upon which appellant rightfully relied when they were made, but before he acted thereon,

he was advised by the final written contract that the seller withdrew all such oral representations and would deal only on the basis of no warranty and no representations, conveying a certain tract of land which might be more or less in acreage for a certain specified lump sum. Surely, one who knowingly subscribes to such a contract cannot be permitted to say that he disregarded and ignored its plain terms and relied upon previous oral representations which were wholly at variance therewith.

Or, if it be assumed that the written contract was made first and that the oral representations were made later to induce the payment of the purchase price, the situation is not bettered. The purchaser was bound by the written contract and subsequent false representations could not have induced him to enter into it.

The case of *Dieterich v. Rice,* 115 Wash. 365, 197 Pac. 1, and the authorities therein cited, lay down a wholesome rule which is to be commended and followed in all proper cases, but none of them can by any reasonable construction be applied to the situation here presented.

The ruling of the trial court was right and it is affirmed.

MITCHELL, C. J., PARKER, BEALS, and MILLARD, JJ., concur.